**Milton VERRET, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43912.

Court of Criminal Appeals of Texas.

July 7, 1971.

Rehearing Denied Oct. 13, 1971.

Everett Lord, Walter M. Sekaly, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for delivery of a dangerous drug, to wit: Barbiturate; the appellant pled guilty and the jury assessed the punishment at two years.

The indictment alleged that on August 7, 1969, the appellant delivered the barbitu-

rate to Wyley Flynn. Flynn was a narcotics agent for the Department of Public Safety. The record reflects that this transaction occurred at the Burger Chef on South Eleventh Street in Beaumont. Flynn observed the appellant give some pills to another boy who was about 17 years old, and take money from him. About a minute later a girl about 16 or 17 years old came up to him and asked for eight desbutals, and the appellant gave her eight pills and she handed him some money. The appellant then turned to Flynn and said, "I only got eight tabs left, you want to buy some?" Flynn then purchased four "tabs" from the appellant. The pills were shown to be barbiturates and amphetamines.

The appellant was 18 years old at the time of the trial and 17 when this incident occurred. He had never been convicted of any offense other than traffic tickets. He testified that he had made the sale to Flynn, but he disagreed with the officer as to many particulars of the incident. He denied going up to Flynn and offering to sell him pills and denied that he sold them to the girl. He did admit that he sold them to the boy. He stated that the incident had taught him "a great lesson," and that he understood what the terms of probation would be and that he would obey them. He further testified, "Yes, sir, I think I learned a lesson, it's just that I got mixed up with the wrong people at the wrong time and that's the reason I got into this trouble." He testified that he was no longer associating with those persons.

The appellant's father, Thomas Joseph Verret, had lived in Beaumont since 1946 and operated his own business in that city. His testimony on both direct and cross-examination indicated that the appellant had changed greatly as a result of this incident. Whereas before, he refused to obey his parents, he then obeyed them in every way. Whereas before, he was failing in school, he was then passing and doing fairly well, especially in orchestra.

Kenesaw Bernsen testified that the appellant had a good reputation as a peaceful and law-abiding citizen in the community. Bernsen had taught the appellant in Sunday School and had known him all of his life. He testified that if the appellant were given probation he would benefit and learn from the experience.

A criminal investigator for the sheriff's department testified that the appellant had a bad reputation as a peaceful and law-abiding citizen.

Dr. Harold Bevil, a physician, testified that barbiturates and amphetamines were not habit forming and that the four tablets could not cause death but that they could cause a person to injure someone else. He had known and treated the appellant since he was five years old. He further testified that, "Well, I am interested in this boy. Milton had admitted his error, he says he wants to correct it and that he will not make this mistake again, and that he hopes to discourage other youngsters from doing the same sort of thing. Whether or not Milton would do it depends on the future—that, I cannot prognosticate."

Louie Dennis was employed by the Railway Express, had been active in various types of youth work and was a friend of the appellant's family. Following the arrest, he talked with the appellant about school, about changing his places of entertainment, and about his environment. He also testified that:

"A I certainly have. I feel that he has done an excellent job of rehabilitation in a lot of ways, courtesy, his respect to his parents and other people, his respect to the employees who he works with. He has just done a marvelous job, and I feel like he has been punished, not necessarily by his arrest, but by the guilt that he feels for what he has done. He knows what he has done is wrong and he realizes he has done wrong and he is really trying to rehabilitate himself."

**886** ■ 

■ The appellant presents eight grounds of error, each of which is without merit. The first ground complains of the testimony of sales to the boy and the girl. No objection was made to this testimony, therefore, nothing is presented for this Court to review. Smith v. State, Tex.Cr. App., 437 S.W.2d 835; Klein v. State, Tex.Cr.App., 384 S.W.2d 872. This evidence of other crimes was res gestae of the offense charged and interwoven and blended therewith. Taylor v. State, Tex. Cr.App., 420 S.W.2d 601 and cases there cited; Scott v. State, Tex.Cr.App., 471 S. W.2d 379. The appellant's first ground of error is overruled.

■ The appellant's second ground of error complains of several references in the prosecutor's argument to the appellant as a "dope pusher." When the prosecutor opened his argument, he said that the State wanted to send this "dope pusher" to the penitentiary. No objections were made. Later, as the prosecutor continued to use the term, sometimes the appellant objected and sometimes he did not. Therefore, any error in the use of the term was waived. Mackin v. State, Tex.Cr.App., 370 S.W.2d 876. Again, even had the alleged error been preserved, such argument would not have constituted reversible error, as it was a reasonable deduction from the evidence. Meyer v. State, Tex.Cr.App., 416 S.W.2d 415; Siwakowski v. State, Tex.Cr.App., 387 S.W.2d 669. The appellant's second ground of error is overruled.

■ The appellant's third ground of error complains the State argued to the jury that the appellant's counsel lacked good faith. The argument was as follows:

"MR. ANGELLE CONTINUES WITH ARGUMENT: Now, Mr. Pettis knew he had no legal objection there, he had no legal objection to state to the Court, he just tried to break my train of thought, remember—

"MR. PETTIS: Your Honor, we are going to object

"THE COURT: Counsel, they are matters for the Jury to consider."

The objection was general and did not preserve error. Smith v. State, supra; Rodriguez v. State, Tex.Cr.App., 417 S.W.2d 165; Ingram v. State, Tex.Cr.App., 363 S. W.2d 284. The appellant's third ground of error is overruled.

■ The appellant's fourth ground of error relates to the following argument of the prosecuting attorney:

"Let me tell you what's going to happen if probation is granted in this case. If probation is granted in this case when you return your verdict, that boy walks out of this courtroom, never one day to see any sort of restraint on him, his activity or his conduct in any way whatsoever other than obeying the law, which he has to obey to stay out of trouble to keep his probation from being revoked.

"MR. PETTIS: Your Honor, we are going to object to that argument, that is an untrue and improper statement.

"THE COURT: The Court has charged the Jury on the law of probation, Counsel."

The appellant contends that this argument mis-stated to the jury the effects of probation. It is not clear whether the Court sustained or overruled the objection; in fact, the Court's ruling could be interpreted either way. "An objection to argument must be pressed to the point of procuring a ruling or the objection is waived. And to protect the record where an objection is passed on provisionally, counsel must procure a final ruling before the conclusion of the trial." 56 Tex.Jur.2d, Trial, Sec. 317, p. 673. The appellant's fourth ground of error is overruled.

■ The appellant's fifth ground of error is that the trial court erred in giving the jury an oral charge. The jury sent a written communication to the Court stating that it would not reach a verdict. The jury was brought into the courtroom and

the Court orally instructed the jury that while no juror should take any position which is contrary to his conscience, intelligence, and integrity, the purpose of a trial is to reach a verdict. He then asked them to deliberate further and try to reach a verdict. This procedure does not comply with the requirements of Art. 36.27 of the Code of Criminal Procedure, which requires that such communications be in writing and in open court and that the communication be first submitted to the appellant or his counsel for objections and exceptions. However, a bill of exceptions or an objection in the record is necessary to preserve error regarding the Court's communications with the jury during its deliberations. Lipscomb v. State, Tex.Cr.App., 467 S.W.2d 417. See: Herring v. State, Tex.Cr.App., 440 S.W.2d 649. No objection was made in this case and the error was waived. The appellant's fifth ground of error is overruled.

■ The appellant's sixth ground of error complains that the Court's answer coerced the jury to reach a verdict. No objections were made or taken and any error was waived. We conclude that the Court's answer did not coerce a verdict; it merely instructed them to continue deliberations and try again to agree and that he would consider the matter further if there was no reasonable probability that they would be able to reach a verdict. Broadhead v. State, Tex.Cr.App., 414 S.W.2d 931. The appellant's sixth ground of error is overruled.

■ The seventh ground of error complains of certain argument in which the prosecutor stated that the appellant would be sent to a penitentiary for first offenders, the Ferguson Unit, and described Ferguson in glowing terms. While this argument should not have been made, no objection was urged and any error was waived. The seventh ground of error is overruled.

■ The eighth ground of error complains of certain written answers that the

Court made in reply to a written question from the jury. Neither the question nor the answer is in the record. The answer was presented to the appellant's counsel and he did not object to it. Nothing is presented for this Court to review. The appellant's eighth ground of error is overruled.

There being no reversible error, the judgment is affirmed.