**Ivory Lee CALICULT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47704.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., and William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of robbery by assault with a prior conviction alleged for enhancement under Art. 62, Vernon's Ann.P.C.; the punishment, life. The sufficiency of the evidence is not challenged.

Appellant's sole ground of error is that the trial court coerced the jury into returning a verdict.

The jury retired to consider their verdict on guilt or innocence at 2:10 p. m. After one hour and 20 minutes' deliberation the jury delivered the following note to the court:

"We have 11 to one ballot. What do we do now?"

 The court then instructed the jury orally [1] as follows:

"Do you have another matter in writing? Hand it over, please.
(Reading)

" 'We have 11 to one ballot. What do we do now? Paul Russel, Foreman'

"Do you have that file? You need to go back and deliberate some more. The Court can't turn you loose at any such time as this. The law doesn't anticipate the Jury come back here, let's see, you went out ten minutes after two, you have only been out a (sic) hour and 20 minutes. You have got to stay out hours before the Court is entitled to discharge you on account of hung Jury, can't

---

1. The State's brief correctly points out that such oral instructions do not comply with Art. 36.27, Vernon's Ann.C.C.P., which requires that such communications be in writing and in open court and that the communication be first submitted to the appellant or his counsel for objections and exceptions. In the instant case appellant made no objection that the court's instructions were not in writing, hence such error was waived. Verrett v. State, 470 S.W.2d 883 (Tex.Cr.App.1971).

agree. Every possible effort has to be made for you to get together. That's what deliberation is for. One has got a right to convince 11, and 11 has (sic) got a right to convince one he is wrong. You have got to argue out every phase of it.

"And, of course, after you have done that, and you have been there long enough for the Court to be sure there is no way in the world that you can reach a Verdict, it's hopeless for you to stay there, and be punishing you, of course, I will be glad to hear what you have to say at that time. *It won't be until tomorrow, I guarantee you, because I can't do it under the law.*

"So, go back and work on it. If you reach a Verdict, all right, if you can't, okay, you will just stay there until I think that you have had time to answer —the time the law requires you to be out before a hung Jury can be declared. See what I mean? In other words, the law just don't (sic) anticipate you go out there and one, two, three, four, any number of you say I believe one way, and the other another. You should argue it out, and you should take your points and deliberate on it. And you have got a right to try to convince each other one way or the other, however you happen to be on a subject. And then when you go in the, that way, then if there is no way the law gives you a right to stick with your Verdict, to stay with your conviction. The law don't (sic) want you to

turn in anything you don't believe in. And I don't subscribe to that either.

"The only thing I want you to do is stay out there long enough, until you are reasonably sure you can't reach a Verdict regardless of how long you may remain out there. In other words, a conviction is just set, there is nothing else to argue, nothing else to do.

"So, if you will just go back in the Jury Room now, and continue your deliberations." (emphasis supplied)

The jury then retired to consider their verdict. Thereafter appellant objected to the court's instruction "to the extent that it informed them that they would have to stay until tomorrow, . . ." This objection and appellant's motion for mistrial were overruled.

■ Appellant contends this instruction coerced the jury into reaching a verdict without due deliberation. It is our opinion that the instruction, read as a whole, is not coercive in nature such as to require reversal absent a showing of coercion in fact,[2] and absent a timely objection prior to submission as contemplated by Article 36.27, V.A.C.C.P.[3]

The ground of error is overruled.

We have examined the appellant's pro se written statements and find they do not merit further discussion.

There being no reversible error, the judgment is affirmed.

---

2. The only indication in the record of what effect the instruction had upon the jury is the communication had with the court one half hour after the objected to instruction. From said communication it appears the jury was properly pursuing its deliberative function. On the record before us we are therefore unable to find the jury was in fact coerced. Furthermore, appellant has made no allegation of jury misconduct in fact.

3. It is our opinion that where objection is not made as contemplated by Art. 36.27, supra, an instruction objected to on the

ground here raised will constitute reversible error only if the instruction on its face is so improper as to render jury misconduct likely, or jury misconduct is demonstrated to have occurred in fact. If the same standards were to apply for objection first made after submission of the instruction as apply to objection made before submission, the purpose of Art. 36.27, supra, would be defeated. We express no opinion as to whether the instruction herein under consideration would have been properly objectionable under Art. 36.27, supra.

ONION, Presiding Judge (concurring).

Article 36.27, Vernon's Ann.C.C.P., reads as follows:

"When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. *Any communication relative to the cause must be written,* prepared by the foreman and shall be submitted to the court through the bailiff. *The court shall answer any such communication in writing,* and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

"All such proceedings in felony cases, shall be a part of the record and recorded by the court reporter." (emphasis supplied)

In Allaben v. State, 418 S.W.2d 517 (Tex.Cr.App.1967), this court observed that the foregoing statute was a redraft of former Articles 676 and 677, Vernon's Ann.C.C.P. 1925. Former Article 676 permitted the jury to communicate with the court either in writing or verbally. Former Article 677 required that additional instructions given after the jury's retirement for deliberation be in writing.

In light of Article 36.27, Vernon's Ann. C.C.P., this court has repeatedly admonished judges that communications with the jury should be in writing. Bray v. State, 478 S.W.2d 89 (Tex.Cr.App.1972); Smith v. State, 474 S.W.2d 486 (Tex.Cr.App. 1971).

The procedure used by the court in the instant case in orally communicating with the jury was thus not in compliance with the requirements of Article 36.27, Vernon's Ann.C.C.P., which mandates that such communications be in writing and in open court and that the communications and instructions be first submitted to the accused and his counsel for examination and for objection, if any. See Verret v. State, 470 S.W.2d 883 (Tex.Cr.App.1971). However, an objection to the failure to follow the statutory procedure or a bill of exception, etc., is necessary to preserve error regarding the court's communication with the jury during its deliberations. Verret v. State, supra; Lipscomb v. State, 467 S.W. 2d 417 (Tex.Cr.App.1971); Herring v. State, 440 S.W.2d 649 (Tex.Cr.App.1969). The appellant did not object to the court's communication with the jury being oral, but complained then and now that the communication coerced the jury to reach a verdict.

It is his contention that the court's statement that the jury would have to continue to deliberate until the court was "sure that there was no way in the world for you to reach a verdict . . . ." followed by "It won't be until tomorrow, I guarantee you, because I can't do it under the law." was a misstatement of the law and was coercive. He argues that although Article 35.23, Vernon's Ann.C.C.P., requires that the jurors be kept together and not allowed to separate after retiring to deliberate, the statute also permits a separation with "permission of the court and the consent of each party."

It is not clear from the record just what the trial court had in mind when he made the statement about not being able to discharge the jury until the next day. After appellant's objection, the court stated:

"I don't think it's any question about it. You can have your objection, they are going to stay until tomorrow if they

don't reach a Verdict. In other words, at 5:00 o'clock, wouldn't be but two hours."

The court may well have had in mind the provisions of Article 36.31, Vernon's Ann.C.C.P., which in part authorizes a trial judge, upon his own motion, to discharge a jury when the jury has been kept together for such a time as to render agreement altogether improbable. The exercise of discretion under the statute is measured by the time the jury has been kept together considered in light of the nature of the case and the evidence. O'Brien v. State, 455 S.W.2d 283 (Tex.Cr.App. 1970); Green v. State, 167 Tex.Cr.R. 330, 320 S.W.2d 139 (1958).

If there is an abuse of discretion in discharging the jury without the consent of the accused, jeopardy will attach. O'Brien v. State, supra; Grigsby v. State, 158 Tex.Cr.R. 484, 257 S.W.2d 110 (Tex.Cr. App.1953).

It may well have been to avoid any abuse of discretion that the court made the statement feeling that the time the jury would have to deliberate by the close of the normal working day would not have been sufficient time in light of the nature of the case and the evidence.

Further, it is noted that appellant's counsel never indicated to the court that consent would be given if the court decided to allow the jury to separate.

I cannot conclude under the circumstances that the court's statement was a misstatement of the law and that the entire communication when taken as a whole, although no model for other courts to follow, was coercive.

Further, the record does not reflect how long after the court's remarks the jury deliberated before returning a verdict, although it was returned that same day. When the verdict was returned, there was no request that the jury be polled. The motion for new trial simply alleging "the verdict is contrary to the law and evidence" was overruled by operation of law. Thus, no evidence was produced to support appellant's contention.

For the reasons stated, I concur in the result reached by the majority, but disagree with the statement that Article 36.27, supra, contemplates an objection. Nothing in the clearly worded statute, repeatedly using the word "shall," mentions an objection. Again and again we have urged judges to follow the statute as written by the Legislature. We have found by judicial interpretation that the error in failing to follow the statute may not be reversible error where no objection is interposed, but this is a far cry from saying that the statute itself contemplates an objection.

I concur in the affirmance.

ROBERTS, J., joins in this concurrence.