COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-359-CR


DAVID LLOYD HOLLAND                                                        APPELLANT
A/K/A BUTCH HOLLAND

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
Introduction
        Appellant David Lloyd “Butch” Holland appeals from his conviction of
unlawful possession of a firearm by a felon. He was sentenced to twelve
years’ confinement. We affirm.
 
Factual and Procedural History
        Deputy Andrew Tatsch was driving northbound through the 2900 block
of Mims Street in Fort Worth, Texas, when he noticed Appellant standing in the
driveway of a house next to a white Suburban. Appellant was talking to a
woman (who was later identified as Serena Holland) in the driver’s seat of the
Suburban. Deputy Tatsch had a valid arrest warrant for Appellant. 
        When Deputy Tatsch recognized Appellant, he pulled up to the house. 
Deputy Tatsch testified: “When I recognized that it was the Defendant, I pulled
up and got out-- well, actually before I got out, I saw the under -- the jacket in
his hand that he put on the hood of the Suburban.” As Deputy Tatsch got out
of his car, he noticed Appellant had placed his billfold on top of the jacket. 
Deputy Tatsch asked Appellant what his name was, and Appellant replied
“Butch,” which was a nickname. Deputy Tatsch then asked Appellant for his
ID, which Appellant took from the billfold that was on top of the jacket. The
ID confirmed that “Butch” was David Lloyd Holland. 
        Deputy Tatsch took Appellant into custody and went over to the
Suburban to collect Appellant’s personal effects. When Deputy Tatsch picked
up the leather jacket, he noticed it was “kind of heavy.” He checked the
pockets of the jacket and found a single shot pistol. At trial, Deputy Tatsch
testified that he never saw Appellant actually wear the jacket and did not know
whether the jacket fit Appellant. However, Deputy Tatsch testified he thought
it was a man’s jacket. 
        A jury convicted Appellant of unlawful possession of a firearm by a felon. 
Appellant raises three issues on appeal. First, the court erred by submitting a
particular section of Deputy Tatsch’s testimony to the jury during their
deliberations. Second, the court erred in ruling a written statement offered by
the defense inadmissible. Third, the court erred in conversing with the jury
orally and off the record outside of the presence of counsel.
Appellant’s First Issue 
        First, Appellant claims the trial court’s response to a jury request to have
a portion of Deputy Tatsch’s testimony read to them during deliberations was
reversible error.
        While in deliberations, the jury sent the court a note that read as follows:
“Did Sheriff Tatsch testify that he saw the Defendant put the jacket on the
hood of the vehicle?” The court replied that in order to have testimony reread
to them, the jury must certify that they are in dispute about certain testimony
and inquire only about those portions of testimony that are in dispute. The jury
then responded by sending the court the following note:
The jury requests the testimony of Deputy Sheriff Tatsch pertaining
to: Did the deputy testify that he saw the Defendant put the jacket
on the hood of the Suburban? The jury is in dispute as to whether
the deputy testified to this point or whether the deputy DA told us
in opening arguments that the deputy was expected to testify to
this point but then did not. The jury believes that this point is
imperative to determine possession, intent and knowingly. Several
members recall the deputy actually testifying and several members
dispute this. 

        In response to this note, the court sent the jury the following testimony,
labeled “Direct Examination of Deputy Tatsch by Mr. Estrada:”
QUESTION: And did you notice that the Defendant had anything in
his possession at the time you drove by or stopped your vehicle at
the Defendant?
 
ANSWER: Yes. When I recognized it was the Defendant I pulled 
out -- pulled up -- excuse me -- and got out -- well, actually, before
I got out, I saw the jacket in his hand that he put on the hood of
the Suburban.
 
Appellant objected to the trial court’s response and argued that the testimony
of Deputy Tatsch was ambiguous at best, and thus not a proper response to
the request the jury made. Appellant asked that the jury be instructed that the
court could find no testimony that unequivocally stated Deputy Tatsch saw the
Appellant put the jacket on the hood of the Suburban. The court denied this
request.
        We note at the outset that Appellant is not complaining about the method
of request or response. He only complains of the substance of the court’s
response. Specifically, Appellant claims that the response was deficient in two
ways. First, it was capable of more than one interpretation and thus improper;
and second, the response itself was a comment on the weight of the evidence. 
        In order to reverse the decision, a clear abuse of discretion and harm to
the Appellant must be shown. See Brown v. State, 870 S.W.2d 53, 55 (Tex.
Crim. App. 1994). Article 36.28 of the code of criminal procedure provides
that if the jury disagrees as to the statement of any witness, they may request
that the testimony in dispute be read to them from the record. Tex. Code Crim.
Proc. Ann. art. 36.28 (Vernon 1981). The court, upon receiving a request for
testimony from a jury, must use its discretion to determine what sections of the
testimony best answer the inquiry and limit the testimony accordingly. Id.; see
also Jones v. State, 706 S.W.2d 664, 667 (Tex. Crim. App. 1986); Iness v.
State, 606 S.W.2d 306, 314 (Tex. Crim. App. 1980). In this case, the court
received a note from the jury indicating that they were in dispute as to whether
Deputy Tatsch ever testified that he saw Appellant place the leather jacket on
the hood of the Suburban. Reviewing the record, there is only one section of
testimony that relates to the jury’s inquiry, and that is the section that was
sent. The trial court, in ruling on Appellant’s objection to the submitted
testimony, noted that the issue of ambiguity was a fact issue. 
        Appellant’s two complaints are interrelated. He argues that the submitted
testimony is a comment on the weight of the evidence because it is ambiguous
and open to more than one interpretation. A trial court improperly comments
on the weight of the evidence if it makes a statement that implies approval of
the State’s position, indicates any disbelief in the defendant’s position, or
diminishes the credibility of the defense’s approach. Railsback v. State, 95
S.W.3d 473, 485 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).
        Appellant’s argument is based solely on the supposition that the
testimony is ambiguous. Appellant suggests that by submitting testimony to
the jury that was ambiguous, the court was impliedly telling the jury what
weight or meaning to give the testimony. This argument is unpersuasive. 
Appellant has failed to show that the court impliedly favored one interpretation
of the testimony over the other. It is the responsibility of the trier of fact to
resolve conflicts in the testimony. Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979). 
        We hold that the trial court did not abuse its discretion by submitting the
relevant portion of Deputy Tatsch’s testimony to the jury. We overrule
Appellant’s first issue.
Appellant’s Second Issue
        In his second issue, Appellant complains that the trial court erred in ruling
that a particular piece of evidence was inadmissible. At trial, Appellant called
Diana Farris Holland to testify. Diana Holland was Appellant’s girlfriend at the
time (she has since married Appellant). She testified that the gun found in the
jacket was hers. She also testified that she obtained the gun from a man
named Michael Striecher for her personal protection. She testified that
although she usually keeps the pistol in a desk drawer, on the day Appellant
was arrested, she placed the gun into her leather jacket pocket, put the jacket
on, and worked in the backyard for a while. After she finished working, she
took off the jacket and left it (with the gun still in the pocket) on top of a desk
outside by the back door. At this point in her testimony, defense counsel
attempted to introduce a written statement from Michael Striecher. The
pertinent section of the statement read:
On ABOUT JANUARY 17, 2004, I GAVE DIANA FARRIS a handgun
that my family had owned for years. The gun was a .45/.410. 
 
I gave the gun to Diana for her protection. 
 
Another reason I gave the gun to Diana was that none of my family
reside in the area and I can not legally possess a gun at this time. 

 
Diana has informed me that my gun was seized by the police on
January 22, 2004. 

        The document was signed and sworn before a notary public in the office
of defense counsel on February 10, 2004. When it was offered, the State
objected to the document as hearsay. In response, defense counsel offered the
document as a statement against penal interest as an exception to the hearsay
rule. After a brief hearing, the court sustained the State’s hearsay objection
and the document was ruled inadmissible. Appellant argues that this ruling was
error and requires reversal.
        Questions of admissibility of evidence under the hearsay rule are reviewed
under the abuse of discretion standard. Coffin v. State, 885 S.W.2d 140, 149
(Tex. Crim. App. 1994); Cunningham v. State, 877 S.W.2d 310, 313 (Tex.
Crim. App. 1994). The trial court’s decision will not be reversed so long as it
is within the zone of “reasonable disagreement.” Green v. State, 934 S.W.2d
92, 101-02 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997);
Couchman v. State, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth, 1999, pet.
dism’d).
        The “statement against interest” exception is laid out in Rule 803(24) of
the Texas Rules of Evidence:
A statement which was at the time of its making so far contrary to
the declarant’s pecuniary or proprietary interest, or so far tended
to subject the declarant to civil or criminal liability, or to render
invalid a claim by the declarant against another, or to make the
declarant an object of hatred, ridicule, or disgrace, that a
reasonable person in declarant’s position would not have made the
statement unless believing it to be true. In criminal cases, a
statement tending to expose the declarant to criminal liability is not
admissible unless corroborating circumstances clearly indicate the
trustworthiness of the statement.

Tex. R. Evid. 803(24). To fall under this exception to the hearsay rule, a
statement must satisfy two elements: it must tend to expose the declarant to
criminal liability, and there must be corroborating circumstances that clearly
indicate the statement’s trustworthiness. Bingham v. State, 987 S.W.2d 54,
57 (Tex. Crim. App. 1999).
        To satisfy the exception, the statement must first tend to expose the
declarant to criminal liability. Whether a statement is in fact against a
declarant’s interest must be determined from the circumstances of each case. 
Ramirez v. State, 987 S.W.2d 938, 944 (Tex. App.—Austin 1999, no pet.). 
In the statement at issue, Michael Striecher states that one of the reasons he
gave the gun to Diana was that he could not legally own a gun at the time. 
There is nothing in the record to suggest that Mr. Striecher actually subjected
himself to any criminal liability by making the statement. Defense counsel
offered an explanation of Mr. Striecher’s cryptic conclusion at one point in the
trial: 
Just according to Mr. Striecher, and I think this could be easily
verified, he was – he was convicted of retaliation in ‘98 and told
me he was released on October 27th of ‘03 from the penitentiary,
which meant that he could, assuming those were the facts, and I
– I haven’t verified them, but I am sure we have computers that
that could either be verified to be true or not true. 

No effort was made by defense counsel to verify Mr. Striecher’s claim. The
purpose of the “statement against interest” hearsay exception is the common
sense notion that reasonable persons, even if they are not particularly honest,
tend not to make statements that subject themselves to criminal liability unless
they believe the statement to be true. Cofield v. State, 891 S.W.2d 952, 956
(Tex. Crim. App. 1994). 
        In our case, there simply is no indication that the statement actually
exposed Mr. Striecher to criminal liability or that he believed he would subject
himself to criminal liability. In ruling on the admissibility of the statement, the
trial court noted:
The issue is whether, as the rule provides, the statement which at
the time of his making it was so far contrary to the declarant’s
interest or so far tended to subject him to civil or criminal liability
or to make him an object of hatred, ridicule, or disgrace, that a
reasonable person in the declarant’s position, which means full
disclosure information, what he’s thinking and knows, wouldn’t
make a statement of such nature unless believing it to be true. 
 
So it doesn’t matter what reality could be including that a person
might have been under an unknown federal indictment not being
allowed to possess a firearm, to give it away or otherwise, but was
in the dark about such circumstances. The issue is what was the
person in their position, which implied in the cases, indicate they
knew what they knew and had that information they would not
have made a statement knowing how much trouble it could cause
for them unless it was true and important enough to take that risk
. . . and that’s why the Court, among other reasons, feels it does
not meet the test of 803.24.

Given the facts of the case at hand and the trial court’s analysis, there was no
abuse of discretion. Appellant has failed to establish the first prong of the Rule
803(24) test. We overrule his second issue.
Appellant’s Third Issue
        In his third issue, Appellant argues that the trial court erred by
communicating with the jury orally and off the record during deliberations
outside the presence of counsel.
         On the second day of jury deliberations, the trial judge dismissed the jury
for lunch and told them to turn in their paperwork. Counsel were not present. 
 At this point, one of the jurors asked, “Did you hear about Jesse’s car?” The
car of one of the jurors had been broken into the night before while in the
courthouse parking lot. When this was brought to the attention of the judge,
he asked the jurors, “Does that have anything to do with what y’all are doing?”
After receiving an answer in the negative from all the jurors, the judge asked,
“Is what happened to Jesse’s car in any way going to interfere with the
objectivity of your deliberations?” Again the jurors answered in the negative. 
The jury then went to lunch. Seventeen minutes after coming back from lunch,
the jury returned a verdict. 
        After both sides indicated they were ready to receive the verdict but
before the verdict was read, the court informed counsel on the record about the
incident with the jury. At that time, the court asked if either side had any
requests or inquiries to be made concerning the incident. Both sides responded
in the negative. The jury was then brought into the courtroom and the verdict
was read. 
        Appellant argues that the judge’s conversation with the jury was
reversible error by failing to comply with Article 36.27 of the code of criminal
procedure, which states:
When the jury wishes to communicate with the court, it shall notify
the sheriff, who shall inform the court thereof. Any communication
relative to the cause must be written, prepared by the foreman, and
shall be submitted to the court through the bailiff. The court shall
answer any such communication in writing, and before giving such
answer to the jury shall use reasonable diligence to secure the
presence of the defendant and his counsel, and shall first submit
the question and also submit his answer to the same to the
defendant or his counsel or objections and exceptions, in the same
manner as any other written instructions are submitted to such
counsel, before the court gives such answer to the jury, but if he
is unable to secure the presence of the defendant and his counsel,
then he shall proceed to answer the same as he deems proper. The
written instruction or answer to the communication shall be read in
open court unless expressly waived by the defendant. 
 
All such proceedings in felony cases shall be a part of the record
and recorded by the court reporter.

Tex. Code Crim. Proc. Ann. art. 36.27 (Vernon 1981) (emphasis added). 
        To preserve a complaint for our review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983
S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S.
1070 (1999). Further, the trial court must have ruled on the request, objection,
or motion, either expressly or implicitly, or the complaining party must have
objected to the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  
        In Archie v. State, a trial judge, after reading the charge to the jury, orally
told the jury that if they wanted any exhibits during deliberations, they were to
ask the bailiff and not write the judge a letter. 615 S.W.2d 762, 765 (Tex.
Crim. App. 1981). The court of criminal appeals noted that while the judge’s
comment violated Article 36.27, the appellant did not object and thus waived
any complaint. See also Smith v. State, 513 S.W.2d 823, 830 (Tex. Crim.
App. 1974); Calicult v. State, 503 S.W.2d 574, 576 (Tex. Crim. App. 1974);
Verret v. State, 470 S.W.2d 883, 887 (Tex. Crim. App. 1971).
        In order to be considered “timely” for the purposes of Texas Rule of
Appellate Procedure 33.1(a)(1), an objection must be made as soon as the
grounds for the objection become apparent. Thompson v. State, 691 S.W.2d
627, 635 (Tex. Crim. App. 1984), cert. denied, 474 U.S. 865 (1985). In the
case at hand, the grounds for objection became apparent when the trial court
related to counsel the ex parte communications with the jurors. The judge went
one step further and asked counsel for both sides whether there were any
further issues, inquiries, or requests concerning the matter to be made before
the jury was brought in to read the verdict. Defense counsel failed to object at
that time. [2]
         Assuming for the sake of argument that Appellant properly preserved his
complaint, we must consider whether the trial court erred. The trial court has
no discretion with regard to complying with Article 36.27; the requirements of
the statute are mandatory. Edwards v. State, 558 S.W.2d 452, 454 (Tex.
Crim. App. 1977). 
        However, not all communications between the judge and jury fall under
Article 36.27. Communications that are not instructions to the jury or “relative
to the cause” do not implicate Article 36.27. See Arrevalo v. State, 489
S.W.2d 569, 572 (Tex. Crim. App. 1973) (holding communications that do not
amount to additional instructions to the jury do not implicate Article 36.27).
        In this case, the out-of-court colloquy between the judge and jury did not
constitute additional instructions to the jury and was not “relative to the
cause.” Indeed, it appears that the judge’s questions to the jury were merely
calculated to determine whether the jury’s concern about the break-in was
“relative to the cause.” The jury answered that it was not.
        Because the communication between the judge and the jury did not
constitute additional instructions to the jury and was not “relative to the
cause,” Article 36.27 is not implicated and the colloquy was not error. We
overrule Appellant’s third issue.
Conclusion
        Having overruled Appellant’s three issues, we affirm the trial court’s
judgment. See Tex. R. App. P. 43.2(a).   
 
                                                          ANNE GARDNER
                                                          JUSTICE

 
PANEL F:   GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.
2. The Austin court of appeals has held that when the appellant does not object
to oral jury instructions, appellant can still obtain a reversal if he/she can show
“egregious harm” under Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App.
1985) (op. on reh’g). See Brooks v. State, 967 S.W.2d 946, 950 (Tex. App.
— Austin 1998, no pet.); see also Jones v. State, No. 03-03-00067-CR, 2003
WL 22908124 at *8 (Tex. App. – Austin, Dec. 11, 2003, pet. ref’d) (mem.
op.) (not designated for publication). However, the court of criminal appeals
has expressly held that Almanza does not apply to oral instructions or
comments to the jury that do not appear in the jury charge. Fuentes v. State,
991 S.W.2d 267, 276 (Tex. Crim. App. 1999). Because we hold there was no
error, we do not address this issue.