Obeline ARREVALO, Appellant,

v.

The STATE of Texas, Appellee.

No. 45629.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

2. An indictment may be waived. Article 1.141, V.A.C.C.P.; King v. State, Tex.Cr.App., 473 S.W.2d 43.

**570**

Harris & Holbrook, Killeen, C. Gordon Metcalf, Temple (On Appeal Only), for appellant.

Stanley Kacir, Dist. Atty. and Mike Lackmeyer, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant, Obeline Arrevalo, was convicted by a jury for the offense of sale of a narcotic drug, to-wit, marihuana, and his punishment was assessed by the jury at five (5) years.

On February 27, 1971, John Imbert was approached by Obeline Arrevalo outside the Bluebonnet Cafe on Avenue D in Killeen. The appellant, Arrevalo, asked John Imbert if he wanted to buy some marihuana. John Imbert was a narcotic agent for the Texas Department of Public Safety, working in the Killeen area at the time of the offense.

Agent Imbert replied that he wanted to buy some marihuana and these two, along with another fellow named Bill Griffin, proceeded to Ten Twelve Jackson Street in Killeen. The appellant took these men to the back bedroom and took out three plastic bags of marihuana. Agent Imbert paid thirty ($30.00) dollars for two bags and placed them in the trunk of his car. Upon leaving the appellant, Agent Imbert placed his initials and the date and time of offense on the bags which was February 27, 1971 at 5:45 P.M.

Agent Imbert further testified that the following Monday he placed the bags in the possession of John R. McCutcheon, Chemist for the Department of Public Safety. McCutcheon testified that the substance in the bags was marihuana.

The appellant offered no evidence and did not testify on the guilt or innocence stage of the trial, but testified and offered evidence on the punishment phase. At that time he admitted the sale in question, but said he was a user of marihuana and not a "pusher," and had never before been convicted of any offense. He sought probation, but the jury did not grant it.

The jury, after some deliberation on the punishment phase of the trial, sent the court a written note, and the judge an-

swered it in writing, in open court, to which no objection appears in the record. Nothing is presented for review and appellant's ground number one is overruled.

After further deliberation, the jury sent the court Note No. 2, which was answered in writing in open court, as follows:

Note No. 2:

"Judge, it appears we are a hung jury. I will not change my mind as foreman. Their (sic) are 3 others who cannot morally change their mind. What do we do?

"Forman (sic) Hope A. Booze"

Answer of the Court:

"Members of the jury:

"Your foreman has advised the court in writing that you are apparently unable to reach a unanimous verdict.

"Without indicating which way the vote is going would you report to me how the jury is divided numerically.

"In a previous note you have asked about the consequences of a hung jury, and in that connection I advise you as follows:

"If this jury after a reasonable length of time finds itself unable to arrive at a unanimous verdict, it will be necessary for the court to declare a mistrial and discharge the jury.

"The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be empanelled in the same way this jury has been empanelled, and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same as the questions confronting you and there is no reason to hope that the next jury will find those questions any easier to decide than you have found them.

"With this additional instruction you are instructed to continue deliberations in an effort to arrive at a verdict which is acceptable to all members of the jury.

"J. F. Clawson, Judge Presiding"

Written objections were made by appellant before the above answers as follows:

"1    The court is going beyond what he is authorized to do by the statutes of this state in that he is coercing the jury to return a verdict after said jury has reported to the court that they cannot reach a decision and that they are hopelessly deadlocked.

"2    The court is commenting on the weight of the evidence when he informs the jury that they have all of the evidence necessary to reach a verdict when the vote of the jury itself shows that they do not have sufficient credible testimony to so base their verdict.

"3    The jury is instructed to return a verdict solely upon the evidence presented to them and yet the court in such proposed instruction give the jury new and unsworn evidence which should not be a part of the court's instructions to the jury because such instructions are supposed to cover the law and not state the court's opinion of any fact, whether in evidence or not in evidence.

"Wherefore, the court is requested to not forward said proposed answer to the jury question number two, but instead is requested to dischage (sic) the jury as a hung jury and to declare a mistrial in this case because of the failure to the jury to return a verdict."

■    Appellant's second ground of error is that the above quoted answer to Note No. 2 was not responsive, tended to coerce the jury into agreement, and conveyed to the jury the court's opinion of the case.

There was no objection on the ground that the answer was not responsive.

We have carefully considered the answer, and find in it nothing conveying the court's opinion of the case or commenting on the weight of the evidence.

As to appellant's contention that the answer tended to coerce the jury to reach a verdict, while the explanation as to procedure for a retrial in the event of a mistrial was unnecessary, we find nothing in it of a coercive nature.

· Appellant's second ground of error is overruled.

■ By his grounds numbers three and four, the appellant now complains of oral communications of the court to the jury in open court. The foreman of the jury asked the court:

"How long do we stay here today deliberating? Is there some set time or may we return tomorrow or what?"

The Court answered:

"There is no set time. This is a matter that is within the discretion of the court. The length of time that you should be required to deliberate is again within the discretion of the court. At this time I do not feel that you have deliberated a sufficient length of time to fully eliminate the possibility of you being unable to arrive at a verdict, so I will ask you to continue to deliberate. You may go with the bailiff."

No objection was lodged to this answer.

■ It has been uniformly held by this Court that a communication between the court and jury, although not in compliance with the statutes, which does not amount to additional instructions by the court, does not constitute reversible error. Franklin v. State, Tex.Cr.App., 363 S.W.2d 137; Allaben v. State, Tex.Cr.App., 418 S.W.2d 517.

The communication by the court to the jury, when they were excused for the evening to separate and return the next morning, was of like character and was not objected to.

Appellant's grounds three and four are overruled.

■ In his fifth ground, appellant complains because the court did not grant a mistrial after the jury reported it could not agree on a verdict on the punishment phase of the trial and because of the answer of the court to the jury's question.

We do not construe the reply of the court to the jury to show any coercion. The jury was not held an unreasonable length of time. The case was submitted to the jury on the punishment phase of the trial at 10:00 A.M. on October 14, 1971; they were permitted to separate for the night at 5:20 P.M. to return for further deliberation the next morning at 9:00 A.M. At 9:30 A.M. the unanimous verdict was returned. We find no abuse of discretion on the part of the court. Rippetoe v. State, 67 Tex.Cr.R. 192, 148 S.W. 811; Mills v. State, Tex.Cr.App., 455 S.W.2d 296; Broadhead v. State, Tex.Cr.App., 414 S.W. 2d 931; Glasser v. State, 90 Tex.Cr.R. 116, 233 S.W. 969.

Finding no reversible error, the judgment is affirmed.

Opinion Approved by the Court.