COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-268-CR

 

 

JASQUIN L. BALL                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                 MEMORANDUM
OPINION[1] ON
APPELLANT=S

                 PETITION
FOR DISCRETIONARY REVIEW  

 

                                              ------------

Pursuant to rule of appellate
procedure 50, we have reconsidered our previous opinion on Appellant=s petition for discretionary review. 
See Tex. R.

App. P. 50.  We withdraw our June 21,
2007 opinion and judgment and substitute the following.








Appellant Jasquin L. Ball
appeals from his conviction on two counts of aggravated kidnaping.  In a single point, he argues that the trial
court erred by submitting an Allen charge[2]
to the jury during deliberations on guilt-innocence.  We affirm.

                                            Background

Because Appellant=s point relates only to the trial court=s Allen charge, we need not dwell on the evidence adduced at
trial.  The record shows that Appellant
kidnaped two minors whom he suspected of burglarizing his apartment, cut the
female minor=s hair,
forced them to do yard work and fight with one another, threatened them with a
gun, fired the gun in their direction, and ultimately released them. 

After deliberating on
guilt-innocence for one and a quarter hours, the jury sent the following note
to the trial court:  AJudgeCWe Are
Stalemated at this Time.  What Happens If
We Cannot Reach a 100% Agreement?@  The trial court responded with
the following instruction:

You are instructed that in a large proportion of
cases absolute certainty cannot be expected. 
Although the verdict must be the verdict of each individual juror, and
not a mere acquiescence in the conclusion of other jurors, each juror should
show a proper regard to the opinion of the other jurors.

 








You should listen, with a disposition to being
convinced, to the arguments of the other jurors.  If a large number of jurors are for deciding
the case one way, those in the minority should 
consider whether they are basing their opinion on speculation or
guesswork, and not on the evidence in the case.

 

If this jury finds itself unable to arrive at a
unanimous verdict, it will be necessary for the Court to declare a mistrial and
discharge the jury.  The indictment will
still be pending, and it is reasonable to assume that the case will be tried
again before another jury at some future time. 
Any such future jury will be empaneled in the same way this jury has
been empaneled and will likely hear the same evidence which has been presented
to this jury.  The questions to be
determined by that jury will be the same questions confronting you and there is
no reason to hope the next jury will find these questions any easier to decide
than you have found them.

 

With this additional information, you are
instructed to continue deliberations in an effort to arrive at a verdict that
is acceptable to all members of the jury, if you can do so without doing
violence to your conscience.  You will
now retire and continue your deliberations. 

 

Appellant=s
counsel objected to the instruction as follows:

 

It is the Defense=s
position that we are in objection to the submission of the Allen charge to the
jury.  That, one, it=s a
comment on the weight of the evidence, that it=s an
improper invasion of the jury=s domain in deciding the facts
of the case.  It violates the Fifth and
Fourteenth Amendment[s] of the United States Constitution, that it also
violates the Texas Constitution.

 

It encourages minority jurors to change their
vote, and we believe it informs -- it encourages the jury to take in and factor
outside considerations such as what will happen if they don=t
reach an agreement, which we think [are] improper grounds for them to be basing
their decisions on at this time. 

 








The trial court overruled Appellant=s objections.  The jury returned
a verdict of guilty about an hour later. 

                                             Discussion

In his sole point, Appellant
argues that the trial court=s Allen charge was coercive and Aconstitutionally infirm@ for four reasons: (1) It was not warranted because the jury did not
say it was deadlocked; (2) the Allen charge was not responsive to the
jury=s question, AWhat happens
if we cannot reach a 100% agreement?@; (3) the Allen charge was an improper comment on the weight of
the evidence and the State=s burden of proof; and (4) it chastised jurors in the minority.








An Allen charge is
given to instruct a deadlocked jury to continue deliberating.  See 
Allen, 164 U.S. at 501, 17 S. Ct. at 157.  The use of such a charge under these
circumstances has been approved by the court of criminal appeals.  Howard v. State, 941 S.W.2d 102, 123
(Tex. Crim. App. 1996), cert. denied, 535 U.S. 1065 (2002).  An Allen charge will
constitute reversible error only if, on its face, it is so improper as to
render jury misconduct likely or jury misconduct is demonstrated to have
occurred in fact.  Calicult v. State,
503 S.W.2d 574, 576 n.2 (Tex. Crim. App. 1974). 
To prevail on a complaint that an Allen charge is coercive, an
accused must show that jury coercion or misconduct likely occurred or occurred
in fact.  Love v. State, 909
S.W.2d 930, 936 (Tex. App.CEl Paso 1995, pet.
ref=d).  An Allen charge is unduly coercive and
therefore improper only if it pressures jurors into reaching a particular
verdict or improperly conveys the court=s opinion of the
case.  Arrevalo v. State, 489
S.W.2d 569, 571 (Tex. Crim. App. 1973).  The primary inquiry is the coercive effect of
such a charge on juror deliberation in its context and under all circumstances.
 Howard, 941 S.W.2d at 123.

Before turning to the merits
of Appellant=s
complaints, we must consider the State=s contention that his objection to the Allen charge failed to
preserve his complaints on appeal.  To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  To preserve error on a complaint for appeal,
the objection at trial must comport with the complaint on appeal.  Tex.
R. App. P. 33.1; Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim.
App. 1990).








Of the three complaints
Appellant advances on appeal, only two comport with his trial court objections
that the Allen charge (1) was an improper comment on the weight of the
evidence and (2) singled out and chastised jurors in the minority.  Appellant did not object that the Allen
charge was premature because the jury was not yet deadlocked; that it was
unresponsive to the jury=s question, AWhat happens if we cannot reach a 100% agreement?@; or that it was an improper comment on the State=s burden of proof.  Therefore,
we hold that Appellant has forfeited these complaints, and we will consider
only his complaints that the Allen charge was an improper comment on the
weight of the evidence and singled out and chastised jurors in the minority.

                         Comment on the weight of the evidence

Appellant contends that the
following language from the Allen charge was an improper comment on the
weight of the evidence and rendered the charge coercive: AYou are instructed that in a large proportion of cases absolute
certainty cannot be expected.@ 








Article 36.14 of the code of criminal procedure prohibits a
trial judge from delivering a charge that expresses any opinion as to the
weight of the evidence.  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007).  The primary reason for
the rule is that an instruction by the trial judge to the jury on the weight of
the evidence reduces the State=s burden of
proving guilt beyond a reasonable doubt. 
Brown v. State, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003), cert.
denied, 541 U.S. 938 (2004).  As
recognized in Lagrone v. State, A[j]urors are prone
to seize with alacrity upon any conduct or language of the trial judge which
they may interpret as shedding light upon his view of the weight of the
evidence, or the merits of the issues involved.@  84 Tex. Crim. 609, 615-16, 209 S.W. 411, 415
(1919).  Therefore, trial judges must
refrain from making any remark calculated to convey to the jury their opinion
of the evidence in a particular case.  Tex. Code Crim. Proc. Ann. art. 38.05
(Vernon 1979).

Appellant contends the words, AYou are instructed
that in a large proportion of cases absolute certainty cannot be expected,@ expressed to the
jury the trial judge=s opinion that a guilty verdict was
appropriate.  We
disagree.  The trial court=s instruction was not a comment on the evidence of this particular
case; rather, it was a generic comment about criminal cases generally.  And the trial court carefully concluded the Allen
charge by instructing the jury that, in any event, it should try to arrive at a
verdict acceptable to all jurors only if it could do so Awithout doing violence to your conscience.@  See West v. State, 121
S.W.3d 95, 109 (Tex. App.CFort Worth
2003, pet. ref=d).  Moreover, we have held that Allen
charges identical to the charge in this case were not coercive.  See id.; Franks v. State, 90 S.W.3d
771, 800-01 (Tex. App.CFort Worth
2002, no pet.).[3]








In support of his argument,
Appellant cites Hollie v. State, 967 S.W.2d 516, 521 (Tex. App.CFort Worth 1998, pet. ref=d); Howard, 941 S.W.2d at 124; Barnett v. State, 161
S.W.3d 128, 134 (Tex. App.CFort Worth 2005), aff=d, 189 S.W.3d 272 (Tex. Crim. App. 2006);
and Arrevalo, 489 S.W.2d at 571-72. 
Those cases are inapposite.  In Hollie,
we held that an Allen charge was not a comment on the weight of the
evidence under circumstances factually dissimilar to those here; thus, Hollie
has at most marginal significance to the question now before us.  See Hollie, 967 S.W.2d at 521-23.  Likewise, in Arrevalo, the court of
criminal appeals examined a dissimilar Allen charge and held that it was
not a comment on the weight of the evidence. 
See Arrevalo, 489 S.W.2d at 571 (holding instruction that jury
had all of the evidence it needed to reach a verdict was not a comment on the
weight of the evidence).  Howard
examined an Allen charge to determine if it was coercive, but whether
the charge was an improper comment on the weight of the evidence was not an
issue.  See Howard, 941 S.W.2d at
124-25.  In Barnett, we held that
the trial court coerced the jury when it extensively polled the deadlocked
jury, told the two holdout jurors that it Ahad a problem@ with them,
and asked them whether they could change their votes if sent back to deliberate
further.  Barnett, 161 S.W.3d at
134.  But as in Howard, whether
the trial court=s statements
were an impermissible comment on the weight of the evidence was not an
issue.  See id.  Moreover, the Allen charges in
these four cases did not contain the language of which Appellant complains nor
anything similar.








We hold that the Allen
charge was not a comment on the weight of the evidence.

                    Singling out and chastising jurors in the
minority

Appellant argues that the
following language in the Allen charge improperly singled out jurors in
the minority: 

If a
large number of jurors are for deciding the case one way, those in the minority
should consider whether they are basing their opinion on speculation or
guesswork, and not on the evidence in the case. 
Those in the minority should keep in mind the impression the evidence
has made on a majority of the jurors who are of equal honesty and intellect as
the minority.

 

Appellant contends this language impermissibly
shaded the instruction with a coercive nuance.








In West v. State, we
held that an Allen charge containing language identical to the first
sentence recited above did not contain the type of language courts have held to
be problematic and coercive.  121 S.W.3d
at 109.  We distinguished the Allen charge
in West from the one held to be impermissibly coercive in Green v.
United States, which told the jury that it is the duty of the minority to
listen to the argument of the majority with some distrust of their own judgment
because the rule is that the majority will have better judgment than the mere
minority.  Id. (citing Green v.
United States, 309 F.2d 852, 855 (5th Cir. 1962)).  We noted that the charge in West did
not tell the jury that one side or the other possessed the superior judgment,
nor did it tell them to distrust their judgment, and the trial court carefully
concluded the charge by instructing the jury that, in any event, it should try
to arrive at a verdict acceptable to all jurors only if it could do so Awithout doing violence to your conscience.@  Id.

For the same reasons, we hold
that the Allen charge in this case was not improperly coercive.  The charge did not tell the jury that one
side or the other possessed superior judgment; rather, it specifically stated
that both the majority and minority possessed equal intellect and honesty.  And, just as in West, the trial court
carefully concluded the charge by instructing the jury that it should try to
arrive at a verdict acceptable to all jurors only if it could do so Awithout doing violence to your conscience.@

We overrule Appellant=s sole point, and we affirm the trial court=s judgment.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 17, 2007











[1]See Tex. R. App. P. 47.4.   





[2]See
Allen v. United States, 164 U.S. 492, 501, 17 S. Ct. 154, 157
(1896).





[3]The
entire Allen charge in Franks and the quoted portion of the Allen
charge in West are identical to the one in this case.