

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00017-CR

HUDSON HILL                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Hudson Hill appeals his conviction for delivery of a controlled substance. We affirm.

Appellant was arrested on a warrant after a narcotics officer identified him from a photograph as the person who had sold the officer crack cocaine during an undercover buy.

---

[1]See Tex. R. App. P. 47.4.

During deliberations at Appellant's trial, the jury sent out a note stating, "We are not able to come to a unanimous decision about the identification. Can you help us?" The trial court instructed the jury to continue deliberating. Later in the evening, the jury sent out another note requesting to see a report written by the undercover officer. The trial court responded that the officer's report had not been admitted in evidence and would not be furnished. The trial court then allowed the jury to recess for the evening.

When deliberations continued the next morning, the jury sent out a third note stating, "We are not going to be able to come to a unanimous decision, but we need to see the police report and the photo of the defendant." The note also indicated that the jury was split 9–3, but it did not indicate which side of the split thought Appellant was guilty and which side thought he was not.

The State requested an *Allen* charge. *See Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896). Appellant objected and requested a mistrial. The trial court denied the State's request for an *Allen* charge and Appellant's motion for mistrial. In response to the jury's note, the trial court stated that the jury could see the photo but not the report. Shortly thereafter, the foreman sent out a final note, stating, "The photo did not make a decision for us. Both sides are dug in and are not going to change their decision. I feel that further deliberation is not going to accomplish our goal."

The State again requested an *Allen* charge. Appellant lodged several objections including that additional instructions were not called for, would violate

article 36.16 of the code of criminal procedure, would be a comment on the weight of the evidence as a whole, would suggest that the jury return a verdict not based on the evidence, would be coercive, and would do violence to the conscience of certain jurors. Appellant also moved for a mistrial. The trial court denied Appellant's objections and motion for mistrial and issued the following instruction:

> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury.
>
> This indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be empanelled in the same way this jury has been empanelled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.
>
> With this additional instruction, you are instructed to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury if you can do so without doing violence to your conscience.

The jury then deliberated for approximately seven more minutes before returning a verdict of guilty. Appellant pleaded true to the indictment's enhancement paragraph, and the trial court assessed punishment and sentenced Appellant to four years' confinement.

On appeal, Appellant argues in two points that the trial court erred by issuing the *Allen* charge and by denying his motion for mistrial. The purpose of an *Allen* charge is to instruct a deadlocked jury to continue deliberating. *See id*.

3

The court of criminal appeals has approved the use of such a charge. *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996), *cert. denied*, 535 U.S. 1065 (2002). Giving an *Allen* charge is reversible error only if, on its face, the charge is so improper as to render jury misconduct likely or if jury misconduct is demonstrated to have occurred in fact. *Calicult v. State*, 503 S.W.2d 574, 576 n.2 (Tex. Crim. App. 1974). To prevail on a complaint that an *Allen* charge is unduly coercive, an accused must show that jury coercion or misconduct likely occurred or did in fact occur. *Love v. State*, 909 S.W.2d 930, 936 (Tex. App.—El Paso 1995, pet. ref'd). An *Allen* charge is unduly coercive and therefore improper only if it pressures jurors into reaching a particular verdict or improperly conveys the trial court's opinion of the case. *See Arrevalo v. State, 489 S.W.2d 569, 571–72 (Tex. Crim. App. 1973).* The primary inquiry is the coercive effect of such a charge on juror deliberation in its context and under all circumstances. *Howard*, 941 S.W.2d at 123.

We have held that *Allen* charges almost identical to the one given in this case were proper and not coercive. *See West v. State*, 121 S.W.3d 95, 109 (Tex. App.—Fort Worth 2003, pet. ref'd); *Franks v. State*, 90 S.W.3d 771, 800–01 (Tex. App.—Fort Worth 2002, no pet.); *Ball v. State*, No. 02–06–00268–CR, 2007 WL 2744883, at *4 (Tex. App.—Fort Worth Sept. 17, 2007, pet. ref'd) (mem. op., not designated for publication). On the other hand, we have not hesitated to find coercion when it is present. *See Barnett v. State*, 161 S.W.3d 128, 134–35 (Tex. App.—Fort Worth 2005) (holding that coercion existed because trial court singled

4

out two holdout jurors, informed them that it "had a problem" with them, and asked them if they could change their votes if sent back to deliberate further), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006); *see also Green v. United States*, 309 F.2d 852, 853 (5th Cir. 1962) (holding that it was impermissible for the trial court to give an *Allen* charge that stated in part, "[I]t is the duty of the minority to listen to the argument of the majority with some distrust of their own judgment because the rule is that the majority will have better judgment than the mere minority").

Here, we see no evidence of coercion. The *Allen* charge given in no way singled out the minority or made any comment on the weight of the evidence. It even went as far as to remind jurors to arrive at a verdict only if they could do so "without doing violence to your conscience." Although Appellant filed a motion for new trial, it did not allege juror coercion or misconduct. Under these circumstances, we hold that the fact that the jury deliberated approximately seven more minutes after the *Allen* charge was given before reaching a verdict is insufficient to show that coercion or misconduct likely occurred or occurred in fact. *See Howard*, 941 S.W.2d at 123; *Arrevalo*, 489 S.W.2d at 571.

Accordingly, we overrule Appellant's two points, and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 3, 2011