02-11-017-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00017-CR

 

 


 
 
 Hudson Hill
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Hudson Hill appeals his conviction for delivery of a controlled substance.  We
affirm.

          Appellant
was arrested on a warrant after a narcotics officer identified him from a
photograph as the person who had sold the officer crack cocaine during an
undercover buy.

          During
deliberations at Appellant’s trial, the jury sent out a note stating, “We are
not able to come to a unanimous decision about the identification.  Can you
help us?”  The trial court instructed the jury to continue deliberating.  Later
in the evening, the jury sent out another note requesting to see a report
written by the undercover officer.  The trial court responded that the officer’s
report had not been admitted in evidence and would not be furnished.  The trial
court then allowed the jury to recess for the evening.

          When
deliberations continued the next morning, the jury sent out a third note
stating, “We are not going to be able to come to a unanimous decision, but we
need to see the police report and the photo of the defendant.”  The note also
indicated that the jury was split 9–3, but it did not indicate which side of
the split thought Appellant was guilty and which side thought he was not.

          The
State requested an Allen charge.  See Allen v. United States, 164
U.S. 492, 501, 17 S. Ct. 154, 157 (1896).  Appellant objected and requested a
mistrial.  The trial court denied the State’s request for an Allen
charge and Appellant’s motion for mistrial.  In response to the jury’s note,
the trial court stated that the jury could see the photo but not the report.  Shortly
thereafter, the foreman sent out a final note, stating, “The photo did not make
a decision for us.  Both sides are dug in and are not going to change their
decision.  I feel that further deliberation is not going to accomplish our
goal.”

          The
State again requested an Allen charge.  Appellant lodged several
objections including that additional instructions were not called for, would
violate article 36.16 of the code of criminal procedure, would be a comment on
the weight of the evidence as a whole, would suggest that the jury return a
verdict not based on the evidence, would be coercive, and would do violence to
the conscience of certain jurors.  Appellant also moved for a mistrial.  The trial
court denied Appellant’s objections and motion for mistrial and issued the
following instruction:

          If this
jury finds itself unable to arrive at a unanimous verdict, it will be necessary
for the Court to declare a mistrial and discharge the jury.

 

This indictment will
still be pending, and it is reasonable to assume that the case will be tried
again before another jury at some future time.  Any such future jury will be
empanelled in the same way this jury has been empanelled and will likely hear
the same evidence which has been presented to this jury.  The questions to be
determined by that jury will be the same questions confronting you and there is
no reason to hope the next jury will find these questions any easier to decide
than you have found them.

 

With this additional
instruction, you are instructed to continue deliberations in an effort to
arrive at a verdict that is acceptable to all members of the jury if you can do
so without doing violence to your conscience.

 

          The
jury then deliberated for approximately seven more minutes before returning a
verdict of guilty.  Appellant pleaded true to the indictment’s enhancement
paragraph, and the trial court assessed punishment and sentenced Appellant to
four years’ confinement.

          On
appeal, Appellant argues in two points that the trial court erred by issuing
the Allen charge and by denying his motion for mistrial.  The purpose of
an Allen charge is to instruct a deadlocked jury to continue
deliberating.  See id.  The court of criminal appeals has approved the use
of such a charge.  Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. App.
1996), cert. denied, 535 U.S. 1065 (2002).  Giving an Allen
charge is reversible error only if, on its face,
the charge is so improper as to render jury misconduct likely or if jury
misconduct is demonstrated to have occurred in fact.  Calicult v. State,
503 S.W.2d 574, 576 n.2 (Tex. Crim. App. 1974).  To prevail on a complaint that
an Allen charge is unduly coercive, an accused must show that jury
coercion or misconduct likely occurred or did in fact occur.  Love v. State,
909 S.W.2d 930, 936 (Tex. App.—El Paso 1995, pet. ref’d).  An Allen
charge is unduly coercive and therefore improper only if it pressures jurors
into reaching a particular verdict or improperly conveys the trial court’s
opinion of the case.  See Arrevalo v. State, 489 S.W.2d 569, 571–72 (Tex.
Crim. App. 1973).  The primary inquiry is the coercive effect of such a
charge on juror deliberation in its context and under all circumstances.  Howard,
941 S.W.2d at 123.

          We
have held that Allen charges almost identical to the one given in this
case were proper and not coercive.  See West v. State, 121 S.W.3d
95, 109 (Tex. App.—Fort Worth 2003, pet. ref’d); Franks v. State, 90
S.W.3d 771, 800–01 (Tex. App.—Fort Worth 2002, no pet.); Ball v. State,
No. 02–06–00268–CR, 2007 WL 2744883, at *4 (Tex. App.—Fort Worth Sept. 17,
2007, pet. ref’d) (mem. op., not designated for publication).  On the other
hand, we have not hesitated to find coercion when it is present.  See
Barnett v. State, 161 S.W.3d 128, 134–35 (Tex. App.—Fort Worth 2005) (holding
that coercion existed because trial court singled out two holdout jurors,
informed them that it “had a problem” with them, and asked them if they could
change their votes if sent back to deliberate further), aff’d, 189
S.W.3d 272 (Tex. Crim. App. 2006); see also Green v. United States, 309
F.2d 852, 853 (5th Cir. 1962) (holding that it was impermissible for the trial
court to give an Allen charge that stated in part, “[I]t is the duty of
the minority to listen to the argument of the majority with some distrust of
their own judgment because the rule is that the majority will have better judgment
than the mere minority”).

          Here,
we see no evidence of coercion.  The Allen charge given in no way
singled out the minority or made any comment on the weight of the evidence.  It
even went as far as to remind jurors to arrive at a verdict only if they could
do so “without doing violence to your conscience.”  Although Appellant filed a
motion for new trial, it did not allege juror coercion or misconduct.  Under
these circumstances, we hold that the fact that the jury deliberated approximately
seven more minutes after the Allen charge was given before reaching a
verdict is insufficient to show that coercion or misconduct likely occurred or
occurred in fact.  See Howard, 941 S.W.2d at 123; Arrevalo, 489
S.W.2d at 571.

          Accordingly,
we overrule Appellant’s two points, and affirm the trial court’s judgment.

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.