

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00516-CR

| | | |
|---|---|---|
| Jimmie Lee Johnson | § | From the 432nd District Court |
| | § | of Tarrant County (1237230D) |
| v. | § | January 4, 2013 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____

Justice Sue Walker



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00516-CR**

JIMMIE LEE JOHNSON                                                APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jimmie Lee Johnson appeals his conviction for possession of a controlled substance, namely cocaine, of four grams or more but less than 200 grams for which he was sentenced to forty years' imprisonment. In a single point, Johnson argues that he was egregiously harmed by the trial court's

---

[1]*See* Tex. R. App. P. 47.4.

submission of a coercive *Allen* charge[2] during the guilt/innocence phase of the trial. We will affirm.

Because Johnson's point relates only to the trial court's *Allen* charge, we need not set forth a detailed account of all the evidence adduced at trial. The record shows that Johnson was arrested after brandishing a handgun and threatening to shoot Clifton Davis for failing to pay back a sum of money. After Johnson was transported to jail, the transporting officer found a bag containing drug paraphernalia in the backseat of his patrol car. Another officer performed a search of Johnson's person at the jail and found a bag of crack cocaine in Johnson's pocket. Johnson was indicted for possession of the cocaine.

After the jurors began deliberating, they sent the trial court six notes, requesting clarification of testimony from the arresting officer and the booking officer and asking to view various pieces of evidence. During the second afternoon of deliberations, the jury sent in its seventh note, stating, "After deliberation and several votes, the jury has been unable to come to a unanimous verdict. We are certain that consensus can't be reached." The State requested that the trial court submit an *Allen* charge to the jury. Johnson objected to the State's request and moved for a mistrial. The trial court recessed to allow Johnson to research the issue. The trial court thereafter reconvened the trial and held a hearing on the *Allen* charge issue.

---

[2]*Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896).

Johnson argued that the use of an *Allen* charge is unduly coercive, would violate his due process rights, and could potentially violate his right to a unanimous jury. Johnson challenged the wording of the proposed *Allen* charge, arguing that it placed an undue burden on the jurors in the minority. The trial court ultimately overruled Johnson's objection, denied his motion for mistrial, and gave the jury the following *Allen* charge in response to their seventh note:

MEMBERS OF THE JURY:

You are instructed that in a large proportion of cases absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of the other jurors, each juror should show a proper regard to the opinion of the other jurors.

You should listen, with a disposition to being convinced, to the arguments of the other jurors. If a large number of jurors are for deciding the case one way, those in the minority should consider whether they are basing their opinion on speculation or guesswork, and not on the evidence in the case. Those in the minority should keep in mind the impression the evidence has made on a majority of the jurors who are of equal honesty and intellect as the minority.

If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be empaneled in the same way this jury has been empaneled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.

With this additional information, you are instructed to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.

4

After the *Allen* charge was given, the jury deliberated for fifty more minutes before reaching a unanimous verdict of guilty. The unanimous verdict was confirmed by polling the jury.

In his sole point, Johnson argues that he was egregiously harmed by the trial court's submission of a coercive *Allen* charge during the guilt/innocence phase of his trial. Specifically, Johnson argues that the language—"Those in the minority, you should keep in mind the impression the evidence has made on the majority – on a majority of the jurors who are of equal honesty and intellect as the minority"—rendered the instruction impermissibly coercive and entitled him to a new trial.

An *Allen* charge is given to instruct a deadlocked jury to continue deliberating. 164 U.S. at 501, 17 S. Ct. at 157. The use of such a charge under these circumstances has been approved by the court of criminal appeals. *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996), *cert. denied*, 535 U.S. 1065 (2002). To prevail on a complaint that an *Allen* charge is coercive, an accused must show that jury coercion or misconduct likely occurred or occurred in fact. *Calicult v. State*, 503 S.W.2d 574, 576 n.2 (Tex. Crim. App. 1974); *Love v. State*, 909 S.W.2d 930, 936 (Tex. App.—El Paso 1995, pet. ref'd). An *Allen* charge is unduly coercive and therefore improper only if it pressures jurors into reaching a particular verdict or improperly conveys the court's opinion of the case. *Arrevalo v. State*, 489 S.W.2d 569, 571 (Tex. Crim. App. 1973). The

primary inquiry is the coercive effect of such a charge on juror deliberation in its context and under all circumstances. *Howard*, 941 S.W.2d at 123.

In *Ball v. State*, we held that an *Allen* charge containing language identical to the language challenged on appeal by Johnson was not improperly coercive. No. 02-06-00268-CR, 2007 WL 2744883, at *4 (Tex. App.—Fort Worth Sept. 17, 2007, pet. ref'd) (mem. op. on PDR, not designated for publication). We stated that the charge, containing the same language as the language challenged here, did not tell the jury that one side or the other possessed superior judgment; rather, it specifically stated that both the majority and the minority possessed equal intellect and honesty. *See id.* Also in *Ball*, the trial court carefully concluded the charge by instructing the jury that it should try to arrive at a verdict acceptable to all jurors only if it could do so "without doing violence to your conscience." *See id.* The trial court here concluded its jury charge with the same language.

Furthermore, the language of which Johnson complains—instructing the minority to keep in mind the majority's views—comports with the very object of the jury system. As stated in *Allen*,

> The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves. It certainly cannot be the law that each juror should not listen with deference to the arguments, and with a distrust of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself. It cannot be that each juror should go to the jury room with a blind determination that the verdict shall represent his opinion of the case at that moment, or that

6

he should close his ears to the arguments of men who are equally honest and intelligent as himself.

164 U.S. at 501–02, 17 S. Ct. at 157.

In its context and under all circumstances, we hold that the trial court's *Allen* charge, which contained language instructing the minority to keep in mind the majority's views, was not unduly coercive because it did not pressure jurors into reaching a particular verdict or improperly convey the trial court's opinion of the case. *See Howard*, 941 S.W.2d at 123; *Arrevalo*, 489 S.W.2d at 571; *Ball*, 2007 WL 2744883, at *4; *see also United States v. Anderton*, 679 F.2d 1199, 1203–04 (5th Cir. 1982) (holding that *Allen* charge containing similar language did not prejudice appellant because charge did not threaten the jury, set a deadline, or coerce the jurors to set aside their scruples and arrive at a verdict). We therefore overrule Johnson's sole point and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 4, 2013