02-11-516-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00516-CR

 

 


 
 
 Jimmie
 Lee Johnson
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 432nd District
 Court
  
 of
 Tarrant County (1237230D)
  
 January
 4, 2013
  
 Opinion
 by Justice Walker
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00516-CR

 

 


 
 
 Jimmie Lee Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Jimmie Lee Johnson appeals his conviction for possession of a controlled
substance, namely cocaine, of four grams or more but less than 200 grams for
which he was sentenced to forty years’ imprisonment.  In a single point,
Johnson argues that he was egregiously harmed by the trial court’s submission
of a coercive Allen charge[2] during the guilt/innocence
phase of the trial.  We will affirm.

          Because
Johnson’s point relates only to the trial court’s Allen charge, we need
not set forth a detailed account of all the evidence adduced at trial.  The
record shows that Johnson was arrested after brandishing a handgun and
threatening to shoot Clifton Davis for failing to pay back a sum of money.  After
Johnson was transported to jail, the transporting officer found a bag
containing drug paraphernalia in the backseat of his patrol car.  Another
officer performed a search of Johnson’s person at the jail and found a bag of
crack cocaine in Johnson’s pocket.  Johnson was indicted for possession of the
cocaine.

          After
the jurors began deliberating, they sent the trial court six notes, requesting
clarification of testimony from the arresting officer and the booking officer
and asking to view various pieces of evidence.  During the second afternoon of
deliberations, the jury sent in its seventh note, stating, “After deliberation
and several votes, the jury has been unable to come to a unanimous verdict.  We
are certain that consensus can’t be reached.”  The State requested that the
trial court submit an Allen charge to the jury.  Johnson objected to the
State’s request and moved for a mistrial.  The trial court recessed to allow Johnson
to research the issue.  The trial court thereafter reconvened the trial and
held a hearing on the Allen charge issue. 

          Johnson
argued that the use of an Allen charge is unduly coercive, would violate
his due process rights, and could potentially violate his right to a unanimous
jury.  Johnson challenged the wording of the proposed Allen charge,
arguing that it placed an undue burden on the jurors in the minority.  The
trial court ultimately overruled Johnson’s objection, denied his motion for
mistrial, and gave the jury the following Allen charge in response to
their seventh note:

MEMBERS OF THE JURY:

 

          You are
instructed that in a large proportion of cases absolute certainty cannot be
expected.  Although the verdict must be the verdict of each individual juror,
and not a mere acquiescence in the conclusion of the other jurors, each juror
should show a proper regard to the opinion of the other jurors.

 

          You should
listen, with a disposition to being convinced, to the arguments of the other
jurors.  If a large number of jurors are for deciding the case one way, those
in the minority should consider whether they are basing their opinion on
speculation or guesswork, and not on the evidence in the case.    Those in the
minority should keep in mind the impression the evidence has made on a majority
of the jurors who are of equal honesty and intellect as the minority.

 

          If this
jury finds itself unable to arrive at a unanimous verdict, it will be necessary
for the Court to declare a mistrial and discharge the jury.  The indictment will
still be pending, and it is reasonable to assume that the case will be tried
again before another jury at some future time.        Any such future jury
will be empaneled in the same way this jury has been empaneled and will likely
hear the same evidence which has been presented to this jury.  The questions to
be determined by that jury will be the same questions confronting you, and there
is no reason to hope the next jury will find these questions any easier to
decide than you have found them.

 

          With this additional information, you are
instructed to continue deliberations in an effort to arrive at a verdict that
is acceptable to all members of the jury, if you can do so without doing
violence to your conscience. 

After
the Allen charge was given, the jury deliberated for fifty more minutes
before reaching a unanimous verdict of guilty.  The unanimous verdict was
confirmed by polling the jury. 

          In
his sole point, Johnson argues that he was egregiously harmed by the trial
court’s submission of a coercive Allen charge during the guilt/innocence
phase of his trial.  Specifically, Johnson argues that the language—“Those in
the minority, you should keep in mind the impression the evidence has made on the
majority – on a majority of the jurors who are of equal honesty and intellect
as the minority”—rendered the instruction impermissibly coercive and entitled
him to a new trial.

          An
Allen charge is given to instruct a deadlocked jury to continue
deliberating.  164 U.S. at 501, 17 S. Ct. at 157.  The use of such a charge
under these circumstances has been approved by the court of criminal appeals.  Howard
v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996), cert. denied,
535 U.S. 1065 (2002).  To prevail on a complaint that an Allen charge is
coercive, an accused must show that jury coercion or misconduct likely occurred
or occurred in fact.  Calicult v. State, 503 S.W.2d 574, 576 n.2 (Tex.
Crim. App. 1974); Love v. State, 909 S.W.2d 930, 936 (Tex. App.—El Paso
1995, pet. ref’d).  An Allen charge is unduly coercive and therefore
improper only if it pressures jurors into reaching a particular verdict or
improperly conveys the court’s opinion of the case.  Arrevalo v. State,
489 S.W.2d 569, 571 (Tex. Crim. App. 1973).  The primary inquiry is the
coercive effect of such a charge on juror deliberation in its context and under
all circumstances.  Howard, 941 S.W.2d at 123.

          In
Ball v. State, we held that an Allen charge containing language
identical to the language challenged on appeal by Johnson was not improperly
coercive.  No. 02-06-00268-CR, 2007 WL 2744883, at *4 (Tex. App.—Fort Worth
Sept. 17, 2007, pet. ref’d) (mem. op. on PDR, not designated for publication). 
We stated that the charge, containing the same language as the language
challenged here, did not tell the jury that one side or the other possessed
superior judgment; rather, it specifically stated that both the majority and
the minority possessed equal intellect and honesty.  See id.  Also in Ball,
the trial court carefully concluded the charge by instructing the jury that it
should try to arrive at a verdict acceptable to all jurors only if it could do
so “without doing violence to your conscience.”  See id.  The trial
court here concluded its jury charge with the same language.

          Furthermore,
the language of which Johnson complains—instructing the minority to keep in
mind the majority’s views—comports with the very object of the jury system.  As
stated in Allen,

The very object of the jury system is to secure unanimity
by a comparison of views, and by arguments among the jurors themselves.  It
certainly cannot be the law that each juror should not listen with deference to
the arguments, and with a distrust of his own judgment, if he finds a large
majority of the jury taking a different view of the case from what he does
himself.  It cannot be that each juror should go to the jury room with a blind
determination that the verdict shall represent his opinion of the case at that
moment, or that he should close his ears to the arguments of men who are
equally honest and intelligent as himself.

164
U.S. at 501–02, 17 S. Ct. at 157.

          In
its context and under all circumstances, we hold that the trial court’s Allen
charge, which contained language instructing the minority to keep in mind the
majority’s views, was not unduly coercive because it did not pressure jurors
into reaching a particular verdict or improperly convey the trial court’s opinion
of the case.  See Howard, 941 S.W.2d at 123; Arrevalo, 489 S.W.2d
at 571; Ball, 2007 WL 2744883, at *4; see also United States v. Anderton,
679 F.2d 1199, 1203–04 (5th Cir. 1982) (holding that Allen charge
containing similar language did not prejudice appellant because charge did not
threaten the jury, set a deadline, or coerce the jurors to set aside their
scruples and arrive at a verdict).  We therefore overrule Johnson’s sole point
and affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MCCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 4, 2013









[1]See Tex. R. App. P. 47.4.





[2]Allen v. United States,
164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896).