

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00045-CR

---

EDWARD BOBBY MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 26672C, Honorable Ana Estevez, Presiding

---

January 3, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Edward Bobby Martinez, appeals his conviction for the offense of indecency with a child and sentence of ten years' incarceration, which was probated, and $2,500 fine. We modify and affirm the judgment of the trial court as modified.

## BACKGROUND

Because Appellant's issues do not turn on the merits of the case or challenge the sufficiency of the evidence, we will briefly identify the facts underlying Appellant's conviction to provide context for the present appeal.

In November of 2015, Appellant moved into Alecia Martinez's apartment along with Alecia's sixteen-year-old daughter, "Riley."[1] Soon after moving in, Appellant would touch Riley by rubbing her upper thigh and her back. Riley felt that this touching was inappropriate but did not notify Alecia or anyone else about it.

On January 11, 2016, in Riley's bedroom, Appellant stood behind her with his arm across her chest and his body pressed up against hers. Riley could "feel his groin area" and believed that Appellant had an erection. Appellant kissed Riley's neck and rubbed her breasts before putting his hand down her pants and underwear and inserting his finger into her vagina. After a few minutes, Appellant stopped touching Riley and left her room. While at school that day, Riley told a friend about what Appellant had done to her that morning. The friend accompanied Riley to the counselor's office, where Riley reported the incident to the counselor. Alecia was contacted and Riley was taken to the hospital where she was examined for sexual assault.[2] After Riley reported this incident, Appellant moved out of the apartment. Appellant voluntarily submitted to an interview with the

---

[1] To protect the complainant's identity, we will use a pseudonym. *See* TEX. CONST. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[2] No acute trauma was discovered during the sexual assault examination.

Amarillo Police Department and provided DNA samples. Appellant denied any inappropriate contact with Riley during the interview.

Appellant was indicted for the offenses of sexual assault of a child,[3] and indecency with a child by sexual contact.[4] Trial was held in January of 2023. After approximately ten hours of evidence, the case was submitted to the jury. After at least six- and one-half hours of deliberation, the jury sent a note to the trial court stating, "[w]e have not come to a consensus on either count. What do we do?" In a discussion between the trial court and counsel for both parties, the trial court stated that, "It would not be reasonable to call it a hung jury and call it a mistrial." Defense counsel urged the trial court to declare a mistrial, while counsel for the State argued that the trial court should give the jury an *Allen* charge.[5] The trial court overruled Appellant's oral motion for mistrial and asked Appellant's counsel whether he had any objection to the wording of the *Allen* charge. Counsel stated that he had no objection to the wording. The trial court's *Allen* charge was as follows:

> You are instructed that in a case of this nature it is not unusual for your deliberations to take a considerable amount of time. You are further instructed that in a large portion of cases absolute certainty cannot be expected. Although the verdict must be based upon proof beyond a reasonable doubt, and although the verdict must be the individual verdict of each juror, and not a mere acquiescence in the conclusion of other jurors, each juror should show a proper regard to the opinion of other jurors. You should listen, with a disposition to be convinced, to the arguments of the

---

[3] *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A).

[4] *See* TEX. PENAL CODE ANN. § 21.11(a)(1).

[5] An *Allen* charge is a supplemental charge, such as the one given in this case, given to a jury that has indicated that it has been unable to reach consensus on a verdict. *See Mixon v. State*, 481 S.W.3d 318, 325 (Tex. App.—Amarillo 2015, pet. ref'd). Such a charge is also known as a "dynamite" charge. *Id.* It takes its name from *Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 41 L. Ed. 528 (1896).

other jurors. You should consider whether or not you are basing your opinion on speculation or surmise and not on the evidence in this case.

If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to expect that the next jury will find these questions any easier to decide than you have found them.

With this additional instruction, you are requested to continue your deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to the conscience of any individual juror.

After reading the jury this instruction, the trial court directed the jury to continue deliberating. Eight minutes later, the jury sent out another note inquiring about the consequences should it agree on one count but not the other. In response, the trial court referred the jury to the *Allen* charge and directed it to continue its deliberations. After deliberating for close to nine hours, the presiding juror reported that the jury was at an impasse as to the sexual assault count, but that it had reached unanimity on a verdict as to the indecency with a child count.

The trial court declared a mistrial as to the sexual assault charge and accepted the jury's guilty verdict as to the indecency with a child charge. The jury assessed Appellant's punishment for the indecency with a child conviction at ten years' confinement and a $2,500 fine but recommended that the term of imprisonment be suspended with Appellant placed on community supervision. The trial court accepted the jury's sentence recommendation and entered judgment consistent therewith. In a document entitled Indigency Findings and Orders which was attached to the judgment, the trial court found

4

that Appellant has sufficient resources to immediately pay part of the fine and costs and will, in the future, have the ability to pay the balance of the fine and costs. However, these findings are inconsistent with other findings made by the trial court that Appellant was indigent. Also, no record evidence reflects that Appellant has the resources to repay the costs of his court-appointed attorney. From this judgment, Appellant timely appealed.

By his appeal, Appellant presents three issues. His first issue contends that the trial court abused its discretion by denying Appellant's motion for mistrial after the jury indicated that it was "hopelessly deadlocked." By his second issue, Appellant contends that the trial court abused its discretion by giving the jury an *Allen* charge over Appellant's objection. Finally, Appellant's third issue contends that the trial court abused its discretion by ordering Appellant to pay court-appointed attorney's fees in the absence of record evidence demonstrating his ability to pay those costs.

## DENIAL OF MOTION FOR MISTRIAL

By his first issue, Appellant contends that the trial court abused its discretion by denying his motion for mistrial after the jury had been in deliberation for six- and one-half hours and indicated that it was deadlocked. The State argues that Appellant failed to pursue his motion to a ruling and, therefore, the arguments presented therein were not preserved. Alternatively, the State contends that it was not error for the trial court to deny Appellant's motion for mistrial.

A mistrial is an extreme remedy, and it should be judiciously utilized for "a narrow class of highly prejudicial and incurable errors" committed during the trial process. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018). A mistrial is only appropriate when

5

error is so prejudicial that further expenditure of time and expense would be wasteful and futile. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). The trial court is not obligated to declare a mistrial at the first sign of jury impasse. *Howard v. State*, 941 S.W.2d 102, 121 (Tex. Crim. App. 1996) (en banc). Whether an error requires a mistrial must be determined by the particular facts of each case. *Id.*

The decision whether to require a jury to continue deliberating lies within the sound discretion of the trial court. *Guidry v. State*, 9 S.W.3d 133, 155 (Tex. Crim. App. 1999); *Bell v. State*, 938 S.W.2d 35, 56 (Tex. Crim. App. 1996) (per curiam) (en banc). As such, the trial court's denial of a motion for mistrial is reviewed for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Our review of the trial court's ruling is conducted in the light most favorable to the ruling, considering only those arguments before the trial court at the time of its ruling. *Ocon*, 284 S.W.3d at 884. The ruling will be upheld if it is within the zone of reasonable disagreement. *Id.* In assessing whether the trial court abused its discretion, we are to consider the length of trial and the volume of evidence submitted to the jury. *Jackson v. State*, 17 S.W.3d 664, 676 (Tex. Crim. App. 2000).

Initially, we will address the State's contention that Appellant failed to obtain a ruling on his motion for mistrial. A complaining party must obtain a ruling on an objection or motion to preserve that issue for appellate review. TEX. R. APP. P. 33.1(a)(2). After the jury had deliberated for six- and one-half hours, the jury sent a note to the trial court advising that it had not come to a consensus on either count and asking the court what it should do. Outside the presence of the jury, the trial court advised the parties that it had two choices: declare a mistrial due to a hung jury or submit an *Allen* charge directing the

jury to continue its deliberations.  At this point, Appellant orally moved for a mistrial.  The trial court, after circulating a draft *Allen* charge, overruled Appellant's motion for a mistrial and asked if he had any objection to the wording of the proposed *Allen* charge.  Appellant responded that, subject to the trial court's ruling on his mistrial motion, he did not object to the wording of the *Allen* charge.  We conclude that the record reflects that the trial court did overrule Appellant's motion for mistrial and, consequently, Appellant preserved his right to challenge this ruling on appeal.

Turning now to the merits of the trial court's decision to overrule Appellant's motion for mistrial, we must determine whether the trial court's denial of Appellant's motion constitutes an abuse of discretion.  *Archie*, 221 S.W.3d at 699.  To do so, we must consider the length of trial and the complexity of the issues the jury was tasked with resolving.  *Jackson*, 17 S.W.3d at 676.  Testimony in the case spanned two days and lasted approximately ten hours.  At the time that Appellant moved for a mistrial, the jury had been deliberating for six- and one-half hours.  The key task for the jury was to determine the credibility of Appellant and Riley from their conflicting testimony.  The jury's notes made clear that it was struggling with this task.  Further, Appellant was charged with the offenses of indecency with a child and sexual assault of a child, both second degree felonies carrying a punishment range of two to twenty years' incarceration and up to a $10,000 fine.  *See* TEX. PENAL CODE ANN. §§ 12.33, 21.11(a)(1), 22.011(a)(2)(A). These are significant offenses with substantial penalties attached.  Finally, the note the jury sent to the trial court indicated that it had been unable to reach consensus on either count and asked what it should do.  This is a general procedural question and not an indication that the jury was hopelessly deadlocked.  Under these circumstances, we do

7

not conclude that the trial court abused its discretion by directing the jury to continue deliberations after the jury indicated that it was having trouble reaching a consensus after six- and one-half hours of deliberation.

Finding that the trial court did not abuse its discretion in denying Appellant's motion for mistrial, we overrule Appellant's first issue.

### *ALLEN* CHARGE

By his second issue, Appellant contends that the trial court abused its discretion in giving the jury an *Allen* charge over Appellant's objection.

It appears that Appellant's challenge is limited to the trial court's act of giving the charge rather than the language used in the charge. However, to the extent Appellant challenges the language of the specific *Allen* charge given, this Court approved identical language in *Mixon v. State*, 481 S.W.3d 318, 326 (Tex. App.—Amarillo 2015, pet. ref'd). Likewise, we approve the language used by the trial court in its *Allen* charge in the present case.

Appellate courts review a trial court's decision whether to give an *Allen* charge for an abuse of discretion. *Rosales v. State*, 548 S.W.3d 796, 804 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (citing *Martinez v. State*, 131 S.W.3d 22, 40 (Tex. App.—San Antonio 2003, no pet.)). An *Allen* charge is designed to remind the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve. *Mixon*, 481 S.W.3d at 325. Use of an *Allen* charge in the circumstance it was used by the trial court here has long been sanctioned by both the United States Supreme Court and the Texas

8

Court of Criminal Appeals. *Id.* at 325–26 (citing *Allen v. United States*, 164 U.S. 492, 501–02, 17 S. Ct. 154, 41 L. Ed. 528 (1896); *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996) (en banc); *Arrevalo v. State*, 489 S.W.2d 569, 571–72 (Tex. Crim. App. 1973)).

We have concluded above that the trial court did not abuse its discretion by overruling Appellant's motion for mistrial and directing the jury to continue deliberations following receipt of the jury's note indicating its inability to reach consensus on both counts. Further, we do not conclude that the trial court abused its discretion by reading an *Allen* charge utilizing language this Court has previously approved to the jury before directing it to continue those deliberations. We overrule Appellant's second issue.

## COURT-APPOINTED ATTORNEY'S FEES

By his third issue, Appellant contends that the trial court abused its discretion by ordering him to pay court-appointed attorney's fees in the absence of record evidence demonstrating that Appellant had the financial resources to offset the costs of those legal services. The State concedes that the record evidence is insufficient to support the trial court's assessment of attorney's fees and acknowledges that the judgment should be reformed.

An order that a criminal defendant pay court-appointed attorney's fees is compensatory and not punitive. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). As such, the trial court must determine that a criminal defendant "has financial resources that enable [him] to offset in part or in whole the costs of the legal services" provided by a court-appointed attorney before it can order a convicted

9

defendant to repay those court-appointed attorney's fees. TEX. CRIM. PROC. CODE ANN. art. 26.05(g); *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.). "A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services." *Shead v. State*, Nos. 07-15-00164-CV, 07-15-00165-CV, 07-15-00166-CV, 2015 Tex. App. LEXIS 8411, at *6 (Tex. App.—Amarillo Aug. 11, 2015, no pet.) (mem. op.).

In the present case, there is no record evidence demonstrating that Appellant has sufficient financial resources to offset the costs of his court-appointed attorney. In such a case, the proper remedy is to reform the judgment and bill of costs to delete the $12,528.70 assessment for court-appointed attorney's fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). As such, we sustain Appellant's third issue.

## CONCLUSION

We modify the judgment and bill of costs to remove the assessment of $12,528.70 for court-appointed attorney's fees. As reformed, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

10